UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-20210-CIV-MORENO

ALFREDO VILLOLDO, Individually, and
GUSTAVO E. VILLOLDO, Individually, and as
Administrator, Executor and/or Personal
Representative of the Estate of GUSTAVO
VILLOLDO ARGILAGOS,

    Plaintiffs,

vs.

THE REPUBLIC OF CUBA, a foreign state, the
ARMY OF THE REPUBLIC OF CUBA, an
Agency and Instrumentality of the Republic of
Cuba, THE MINISTRY OF INTERIOR, an
Agency and Instrumentality of the Republic of
Cuba, RAUL CASTRO, as an individual, Agency
and Instrumentality of the Republic of Cuba, and
FIDEL CASTRO, as an Individual, Agency and
Instrumentality of the Republic of Cuba,

    Defendants.
_____/

## ORDER ON MOTION FOR FINAL DEFAULT JUDGMENT

THIS CAUSE came before the Court upon the Plaintiffs' motion for final default judgment **(D.E. No. 37)**.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. The Plaintiffs correctly note that "[n]o judgment by default shall be entered by a court of the United States ... unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). This includes establishing jurisdiction under the Foreign Sovereign Immunities Act ("FSIA").

The FSIA generally provides that foreign states are immune from suit in state and federal courts unless an exception in 28 U.S.C. §§ 1605, 1605A, or 1607 applies. But satisfying a FSIA

exception is not simply a precondition for suing or attaching the property of a foreign state; it is a precondition for establishing subject matter jurisdiction over an action against a foreign state in the first instance. *See Verlinden*, 461 U.S. at 493-94 ("The [FSIA] must be applied by the District Courts in every action against a foreign sovereign, since subject matter jurisdiction in any such action depends on the existence of one of the specified exceptions to foreign sovereign immunity.").

The state court Final Judgment awarding $196.5 million in compensatory damages and $393 million in punitive damages, signed by Florida Circuit Judge Peter Adrien, was a default judgment entered following a non-jury trial. In that Final Judgment, the state judge mentions the terrorism exception to the FSIA and finds that the evidence showed that the Defendants caused Alfredo Villoldo to take his own life on February 16, 1959 after being detained on January 6, 1959 and subsequently brutally beaten during his incarceration of several days.

The Plaintiffs must present evidence to satisfy this Court that the jurisdictional prerequisites under the FSIA have been met. *See Underwriters Nat'l Assurance Co. v. North Carolina Life and Accident and Health Ins. Guaranty Ass'n*, 455 U.S. 691, 705 (1982) ("[B]efore a court is bound by the judgment rendered in another State, it may inquire into the jurisdictional basis of the foreign court's decree."). Because the FSIA is the exclusive source of subject matter jurisdiction over all civil actions against foreign states or their agencies or instrumentalities, it is

ADJUDGED that, on or before **August 12, 2010**, the Plaintiffs shall submit a memorandum of law addressing this Court's jurisdiction under the FSIA. The memorandum shall identify the specific FSIA exception that applies and explain how the facts of this case support jurisdiction under the exception. The memorandum shall also identify and describe any evidence presented in the state court proceedings to support jurisdiction under the FSIA. If evidence was presented by way of witness testimony, the Plaintiffs shall submit the transcripts reflecting the testimony heard by Judge Adrien. The Plaintiffs' failure to comply will result in this action being dismissed without prejudice.

The Court also notifies the United States Attorney, in the event that the United States has any right to intervene in this action involving a Final Judgment against a foreign state and its leaders.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of July, 2010.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

Wifredo Ferrer, United States Attorney